UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLOTTE MACBAGITO,<br><br>      Plaintiff,<br><br>-against-<br><br>PRICEWATERHOUSECOOPERS LLP; MIZUHO SECURITIES USA LLC; MBO PARTNERS, INC.,<br><br>      Defendants. | 25-CV-4062 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Annapolis, Maryland, brings this *pro se* action asserting claims under the Fair Labor Standards Act ("FLSA"), the Fair Credit Reporting Act ("FCRA"), and state law. Named as Defendants are PricewaterhouseCoopers LLP ("PwC"), Mizuho Securities LLC ("Mizuho"), and MBO Partners, Inc ("MBO"). For the following reasons, the Court transfers this action to the United States District Court for the District of Maryland.

## DISCUSSION

  Venue for Plaintiff's claims under the FLSA, FCRA, and state law are all governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that she was in an employment relationship with Defendants while she was residing in Maryland. She asserts that Defendants misclassified her as an independent contractor in violation of the FLSA, conducted an unauthorized background check of her in violation of the FCRA, and violated her rights under various state laws. Plaintiff alleges that PwC was the "[p]rimary worksite employer exerting direct control over Plaintiff's work"; Mizuho was the "[e]nd-client" that benefitted from Plaintiff's work and exercised "indirect control" over her; and MBO is a "payroll processor." (ECF 1, at 2.)

Plaintiff does not allege sufficient facts to demonstrate that venue is proper in this District under Section 1391(b)(1). She does not provide addresses for any of the defendants, nor does she allege where they are located. While she asserts that "Defendants conduct business operations within the Southern District of New York" (*id.*), she does not allege any facts demonstrating that the Court has personal jurisdiction over Defendants with respect to the claims asserted in this action. Because Plaintiff does not allege facts demonstrating that at least one defendant resides in this District and that all defendants are residents of the State of New York, it appears that venue is not proper in this District under Section 1391(b)(1).

Plaintiff also does not allege facts demonstrating that a substantial part of the events giving rise to her claims occurred in this District. Plaintiff was not employed in this District, and she alleges no fact suggesting that Defendants, all of which are multinational companies with offices around the world, made any decisions related to her employment in this District. Moreover, any harm Plaintiff experienced as a result of Defendants' actions was likely experienced at her residence in Annapolis, Maryland, not in this District. *See, e.g.*, *New York Mercantile Exch. v. Central Tours Int'l, Inc.*, No. 96-CV-8988 (SAS), 1997 WL 370600, at *4 (S.D.N.Y. July 1, 1997) ("The place where the harm occurred is . . . relevant for venue

purposes."). It therefore appears that venue is not proper in this District under Section 1391(b)(2).

Even if venue could be considered proper in this District under either Section 1391(b)(1) or (2), because a substantial part of events giving rise to Plaintiff's claims occurred in Annapolis, Maryland, and because Defendants, by hiring Plaintiff in Maryland, likely subjected themselves to the jurisdiction of Maryland courts, venue is also proper in the District of Maryland under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff experienced the harm from Defendants' alleged violations of the law in Maryland, where she resides and where Defendants are likely subject to the court's personal jurisdiction with respect to this action. It is reasonable to expect that relevant documents and witnesses also would be in

Maryland. The District of Maryland appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Maryland. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Maryland. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 3, 2025
       New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                         Chief United States District Judge