**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHARLOTTE MACBAGITO,<br><br>*Plaintiff*,<br><br>v.<br><br>PRICEWATERHOUSE COOPERS LLP, *et al.*,<br><br>*Defendants*. | Case No. 25-cv-1904-ABA |

**MEMORANDUM OPINION**

Plaintiff Charlotte MacBagito has sued her former employer, Mizuho Securities USA LLC ("Mizuho"), as well as two other companies that provided services to Mizuho: PricewaterhouseCoopers LLC ("PwC") and MBO Partners, Inc. ("MBO"). She alleges fraud, retaliation, and violations of employment law. But Ms. MacBagito has already pursued, and lost, an arbitration action against the same Defendants over largely the same claims. Her claims are precluded due to the prior arbitration and, to the extent any of her claims are statutorily non-arbitrable, they are nonetheless subject to dismissal as well for failure to state a claim.

## I. BACKGROUND[1]

The operative pleading is Ms. MacBagito's amended complaint, ECF No. 19. *See also* ECF No. 21 (supplement to amended complaint). Ms. MacBagito alleges she was hired in November 2022 to work for Mizuho's audit department. ECF No. 19 at 6–7, 13, 15–16, 39. She contends that PwC was involved in her recruiting and onboarding and

[1] Because the case is at the pleading stage, the Court will assume the truth of Ms. MacBagito's plausible allegations. *See Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 997 F.3d 149, 154—55 (4th Cir. 2021).

that MBO was involved in processing payroll documents. *Id.* at 41–44. She alleges that Defendants "jointly orchestrated a systemic, multi-year scheme to misclassify [her] as an independent contractor, enabling them to exploit unregulated labor for prohibited . . . tasks while evading oversight" from various regulators. *Id.* at 6. Ms. MacBagito's central allegation, in other words, appears to be that Mizuho deliberately misclassified her employment status to allow her to conduct audits that would otherwise be subject to banking and securities regulations. *Id.* at 32–35. She contends that, when she refused to do so and raised these issues to her supervisors, she was terminated in retaliation on January 20, 2023. *Id.* 35–37.

Ms. MacBagito's amended complaint contains ten counts, including "whistleblower" retaliation claims under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, and the Dodd-Frank Act, 15 U.S.C. § 78u-6; claims for fraud under the Securities and Exchange Act of 1934, 15 U.S.C. § 78q, and 26 U.S.C. § 7434; a claim for "false officer certifications" under SOX, 18 U.S.C. §§ 302, 906; claims for overtime miscalculation and retaliation under the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §§ 207, 215, 216; and claims under the Declaratory Judgment Act, 22 U.S.C. § 2201. *Id.* at 47. She seeks damages of over $5 billion dollars, as well as various forms of equitable relief. *Id.* at 48.

Ms. MacBagito initiated her case in the Southern District of New York in May 2025. ECF No. 1. The case was transferred to this Court in June 2025. ECF No. 7. Ms. MacBagito filed an amended complaint in December 2025. ECF No. 19, 21. On February 17, Ms. MacBagito moved for leave to file a second amended complaint (Ms. MacBagito mislabeled this as her third amended complaint). ECF No. 39. The same day, Defendants moved to dismiss the first amended complaint. ECF No. 40. The motions to

dismiss and for leave to amend are now fully briefed. ECF Nos. 46, 47, 51. Ms. MacBagito has also filed a motion to supplement the record (ECF No. 50) and several motions for leave to file sur-replies and/or supplemental briefs (ECF No. 52, 53, 54, 56). The Court will grant Ms. MacBagito's motions for leave to file additional materials, and has considered her attached proposed filings in the analysis below.

In addition to her claims in this Court, Ms. MacBagito also initiated arbitration against the same Defendants for related claims. ECF No. 40-24 (corrected arbitration order).[2] The final, corrected order in the arbitration was issued on February 2, 2026 (i.e., while this litigation was pending) by Arbitrator Michael J. Schrier. *Id.* at 16. According to the order, Ms. MacBagito initiated arbitration in her personal capacity in May 2025 and brought claims under the FLSA and for retaliation under SOX, among several other claims. *Id.* at 3. Ms. MacBagito brought these claims against the same three Defendants in this action (Mizuho, PwC, and MBO). *Id.* at 2. The arbitration resulted in dismissal of all of Ms. MacBagito's claims "for lack of standing, for failure to

---

[2] The Court will take judicial notice of the existence and contents of the arbitration order. *Milliken & Co. v. Weiner*, Case No. 14-cv-4422-BHH, 2016 WL 11530304, at *4 n.2 (D.S.C. Sept. 23, 2016) ("Although slightly different than publicly available records of judicial proceedings, the Court finds it entirely appropriate to consider the content of the Arbitration documents *for what they say* without converting [Plaintiff's] Rule 12(b)(6) Motion into a motion for summary judgment. . . . In conducting the instant *res judicata* analysis, the Court has not considered, and need not consider, the Arbitration documents for the truth of the matters asserted therein."); *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, Case No. 12-cv-27, 2013 WL 12178139, at *1 (M.D.N.C. Sept. 30, 2013) ("A court may take judicial notice of an arbitration opinion and award not for the truth of the facts recited therein, but for the existence of an opinion.") (quotations omitted). Ms. MacBagito has not contested the authenticity of the arbitration order and refers to the "pending AAA arbitration" throughout her complaint. ECF No. 19 at 5, 6, 46; *see Insteel Indus., Inc. v. Costanza Contracting Co.*, 276 F. Supp. 2d 479, 481 (E.D. Va. 2003) ("The court may . . . consider dispositive documents that are either attached to, or referenced in, the complaint.").

prosecute as the real party in interest, for judicial estoppel under both applicable law and the plain language of the Contract she signed with MBO in her representational capacity on behalf of C&I Ventures LLC, and, as appropriate, for failure to state a claim upon which relief may be granted." *Id.* at 16. The dismissal was with prejudice. *Id.*

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement" are insufficient to meet the Rule 8 pleading standard. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Ms. MacBagito is self-represented, so the Court must construe the complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading." *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020).

## III. DISCUSSION

### A. Plaintiff's claims are precluded by the arbitrator's decision

Among several other arguments, Defendants contend that Plaintiff's claims are barred by the preclusive effect of the arbitration order. The Court agrees.

"Under the doctrine of *res judicata,* or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that

were or could have been raised in that action." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quotations and alterations omitted). "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* at 354–55. "Along with these 'three formal elements' of res judicata, 'two practical considerations should be taken into account.'" *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (quoting *Grausz v. Englander,* 321 F.3d 467, 473 (4th Cir. 2003)). These considerations are (1) "whether the party or its privy knew or should have known of its claims at the time of the first action" and (2) "whether the court that ruled in the first suit was an effective forum to litigate the relevant claims." *Id.* at 276.

All three elements are met here, and the "practical considerations" weigh for dismissal.

First, there has been a final judgment on the merits. The Fourth Circuit has not yet resolved whether an unconfirmed arbitration is a final judgment for purposes of preclusion. But other judges of this District have concluded that it can. *See W. Maryland Wireless Connection v. Zini*, 601 F. Supp. 2d 634, 641 n.4 (D. Md. 2009) (holding that "arbitration awards are identical to court judgments for res judicata purposes"); *Tull v. Mieras*, Case No. 19-cv-2646-GLR, 2020 WL 13605075, at *3 n.4 (D. Md. Aug. 27, 2020) ("[P]ersuasive authority from other circuits suggests that the fact [Defendant] never sought judicial confirmation of the arbitration award is of no consequence when determining if the award constitutes a final judgment."); *see also* Restatement (Second) of Judgments § 84(1) (rev. Oct. 2024) ("[A] valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same

exceptions and qualifications, as a judgment of a court."). This Court agrees. "[T]he purpose of res judicata" is to "promot[e] finality and judicial economy." *Providence Hall*, 816 F.3d at 279. And the purpose of arbitration is for the parties to "avoid the time and expense of litigation." *UBS Fin. Servs., Inc. v. Padussis*, 842 F.3d 336, 339 (4th Cir. 2016). Allowing a party to re-litigate claims that an arbitrator has already decided—especially, as here, where the party seeking to re-litigate was the one who *initiated* the arbitration—would run contrary to the purpose of both preclusion doctrines and alternative dispute resolution.

Additionally, the arbitrator's decision here was "on the merits." The arbitrator outlined numerous fundamental defects with Ms. MacBagito's claims, including estoppel and failure to state a claim, and dismissed the claims with prejudice. ECF No. 40-24 at 16. Such decisions have preclusive effect. *See Hall v. Greystar Mgmt. Servs., L.P.*, 193 F. Supp. 3d 522, 529 (D. Md. 2016) ("It is well settled that a dismissal with prejudice is an adjudication on the merits for res judicata purposes.") (quoting *Bradley v. Artery Custom Homes, LLC*, Case No. 08-cv-539-PJM, 2009 WL 6560200, at *3 (D. Md. Jan. 29, 2009), *aff'd*, 328 F. App'x. 873 (4th Cir. 2009)).

Second, there is an identity of claims. The second element is satisfied when the claims in the first case "arose out of the same nucleus of facts" as the claims in the second case. *Providence Hall*, 816 F.3d at 282. Ms. MacBagito has already conceded that "the claims" in the instant case "arise from the same nucleus of operative facts as the pending AAA arbitration." ECF No. 19 at 5.

Third, there is an identity of parties. Ms. MacBagito brought her arbitration action against the same three Defendants in this case. ECF No. 40-24 at 2.

Finally, both "practical considerations" weigh for preclusion. Ms. MacBagito was fully aware of the claims she could bring, as she had already initiated this lawsuit before she filed her arbitration action. And Ms. MacBagito also had a full and fair opportunity to litigate her claims in the arbitration forum that she herself selected.

Accordingly, Ms. MacBagito's claims must be dismissed due to the preclusive effect of the arbitration action that she previously filed and litigated.

**B. SOX and Dodd-Frank Act claims**

In her opposition brief, Ms. MacBagito contends that her SOX whistleblower and Dodd-Frank Act retaliation claims should not be deemed precluded because they are non-arbitrable by statute. ECF No. 47 at 12 (citing 18 U.S.C. § 1514A(e) and 15 U.S.C. § 78u-6(h)(1)). Even if Ms. MacBagito is correct, and even if she has not waived this argument by pursuing at least the SOX claim herself in arbitration, both claims fail regardless.

"To recover" under the SOX whistleblower provision, "an aggrieved employee must exhaust administrative remedies by 'filing a complaint with the Secretary of Labor.'" *Digital Realty Tr., Inc. v. Somers*, 583 U.S. 149, 154 (2018) (quoting 18 § 1514A(b)(1)(A)). A plaintiff may exhaust a SOX claim by "fil[ing] a complaint with the Occupational Safety and Health Administration (OSHA) of the Department of Labor '[w]ithin 180 days after an alleged violation of the Act occurs or after the date on which the employee became aware of the alleged violation of the Act.'" *Nhira v. Hosp.*, Case No. 14-cv-676-WMN, 2016 WL 4699414, at *4 (D. Md. Sept. 8, 2016) (quoting 18 U.S.C. § 1514A(b)(2)(D)), *aff'd sub nom. Nhira v. Thompson Hosp.*, 680 F. App'x 228 (4th Cir. 2017). Once OSHA receives the complaint, a plaintiff must wait at least 180 days before filing suit in federal court. *Id.*

Ms. MacBagito has failed to timely exhaust her remedies here. The amended complaint contains no mention of a filing with OSHA. In her response to Defendants' motion to dismiss, she contends that she "filed her OSHA complaint on December 15, 2025." ECF No. 47 at 13. This was more than 180 days after Ms. MacBagito was aware of the alleged violations, and indeed she has also attached a letter from OSHA dismissing her complaint as untimely. ECF No. 47-1 at 142. She contends in her opposition brief that she filed a response to this letter approximately one month later, but cited to an exhibit purportedly containing this response that does not appear to exist. ECF No. 47 at 19 (citing to "Ex. 63," which is not contained among the exhibits in ECF No. 47-1). Regardless, Ms. MacBagito did not include the allegation concerning her OSHA filing in the amended complaint, and, even if she had, it appears her OSHA filing was untimely. Accordingly, to the extent she is not already precluded from pursuing her SOX whistleblower claim, that claim is dismissed for failure to exhaust.

Ms. MacBagito's Dodd-Frank whistleblower claim fails as well because she did not engage in protected activity prior to the alleged retaliatory action. "To sue under Dodd-Frank's anti-retaliation provision, a person must first 'provid[e] . . . information relating to a violation of the securities laws to the [Securities and Exchange] Commission." *Digital Reality*, 583 U.S. at 153 (quoting 15 U.S.C. § 78u–6(a)(6)); *see also Puffenbarger v. Engility Corp.*, 151 F. Supp. 3d 651, 664 (E.D. Va. 2015) ("[T]he statutory definition of 'whistleblower' for purposes of a Dodd–Frank retaliation claim is plain and unambiguous insofar as it is limited to individuals who provide the specified information *to the SEC*.") (emphasis in original). As Ms. MacBagito concedes in her opposition brief, she only filed an SEC tip in December 2025—well after she had already been terminated by Defendants. *See* ECF No. 47 at 23; ECF No. 47-1 at 146. As

Defendants cannot have retaliated against Ms. MacBagito for activity that had not yet happened, her Dodd-Frank claim must fail as well.

**C. The proposed amendment would be futile**

As explained above, Ms. MacBagito filed a motion for leave to amend along with the second amended complaint ("SAC") on the same day Defendants filed their motion to dismiss. ECF No. 39. Motions to amend are governed by Federal Rule of Civil Procedure 15. Parties can amend their complaint once as a matter of course 21 days after serving it or within 21 days of being served with an answer or motion to dismiss. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* 15(a)(2). Motions to amend should be granted liberally but may be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 116 (D. Md. 2020) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).

The Court has reviewed the proposed SAC that Ms. MacBagito filed with her motion for leave to amend, ECF No. 39-1, and concludes that the proposed amendment would be futile. The SAC still consists of claims arising from the same factual transaction that was already the subject of the arbitration, which the Court has now found preclusive. Further, the SAC still does not allege any facts regarding an OSHA whistleblower filing or SEC communication that would alter the Court's analysis above regarding these claims. Accordingly, the Court will deny Ms. MacBagito's motion for leave to amend and close the case.

## IV. CONCLUSION

For the reasons explained above, the Court grants Defendants' motion to dismiss. A separate order follows.

Date: August 28, 2026

__________*/s/*________
Adam B. Abelson
United States District Judge